UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| **APRYL RIGSBY** ) | |
|     **Plaintiff** ) | |
|   v. ) | |
| ) | |
| **LVNV FUNDING, LLC** ) | **COMPLAINT** |
| and ) | |
| **EDWIN A. ABRAHMENSEN** ) | |
| **& ASSOCIATES, P.C.** ) | |
| and ) | |
| **MICHAEL RATCHFORD** ) | |
| and ) | |
| **MR. YOUNG** ) | |
|     **Defendants** ) | |

**COMPLAINT**

**I.      PRELIMINARY STATEMENT**

1.      This action arises out of illegal acts and omissions of the above-named Defendant, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL").  Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

**II.  JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 et seq (hereinafter "FCEUA") and Pennsylvania

Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, et seq (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3.  Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

### III. PARTIES

4.  Plaintiff Apryl Rigsby is a natural person residing at 2157 Fruitville Pike, Lancaster, Pennsylvania 17601 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

5.  Defendant, LVNV Funding, LLC, ("LVNV"), is upon information and belief, a limited liability company with an address at 15 S. Main Street, Suite 700, Greenville, South Carolina 29601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.  Defendant LVNV, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

7.  Defendant, Edward A. Abrahamsen & Associates, P.C. ("Abrahamsen"), is upon information and belief, a professional corporation with its registered office located at 1006 Pittston Avenue, Scranton, PA  18505 and a corporation organized under the laws of the State of Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

8.      Defendant Abrahamsen, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

9.      Defendant, Michael Ratchford, ("Ratchford"), is located at 1006 Pittston Avenue, Scranton, PA 18505, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through and on behalf of Abrahamsen, as, upon information and belief, an owner, manager, officer, shareholder, authorized representative, partner, employee, agent and/or workman.

10.     Defendant Ratchford, at all times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

11.     Defendant, Mr. Young, ("Young"), is located at 1006 Pittston Avenue, Scranton, PA 18505, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through and on behalf of Abrahamsen, as, upon

information and belief, an owner, manager, officer, shareholder, authorized representative, partner, employee, agent and/or workman.

12. Defendant Young, at all times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

13. At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

## IV.  FACTUAL ALLEGATIONS

14. On June 28, 2010, Defendant, through its attorney, Edwin A. Abrahamsen & Associates, P.C., filed a Civil Complaint against Plaintiff in Lancaster County, Pennsylvania for an alleged credit card debt.  A true and correct copy of the aforestated Complaint is attached hereto as Exhibit "A". The Complaint was signed and verified by Defendant Ratchford.

15. The Complaint states that the principle amount of $1,922.08 is due and owing since Plaintiff's alleged default of March 16, 2007.  This amount cannot solely be principle as it includes interest and late fees.

16. The Complaint requests a judgment in the amount of $2,214.95 plus court costs with no explanation of the additional amount owed.

17. In early July, 2010, a man who identified himself as Mr. Young from Defendant Abrahamsen, contacted Plaintiff via telephone to discuss a payment arrangement for the alleged debt with Defendant LVNV in order for Plaintiff to avoid going to court.

18.     Mr. Young informed Plaintiff that if she could not pay $1,700.00 by July 16, 2010, Defendant would proceed with the legal action.

19.     Mr. Young told Plaintiff that if she entered into a payment arrangement, she should not bother to go to court and to let a default judgment "go through".

20.     Plaintiff was then asked when she would be able to make a payment and was asked for her bank account and credit card information.  Plaintiff refused to give Mr. Young this information but she requested that Mr. Young provide his proposed offer in writing.

21.     Mr. Young told Plaintiff that he would make sure he sent her a letter regarding the payment arrangement and default judgment.  As of this date, Plaintiff has not received any such letter.

22.     Prior to receiving the notice of the Complaint, Plaintiff had no contact with Defendant.

23.     On August 3, 2010, Plaintiff, by and through the undersigned counsel, appeared at Lancaster County District Court No.:  02-1-02.

24.     Defendant Abrahamsen sent counsel to appear.

25.     Defendant Abrahamsen's counsel admitted that he had no documents in his file.

26.     The trial was continued until September 13, 2010.                        .

27.     On September 13, 2010, Plaintiff and the undersigned counsel appeared in Lancaster County District Court No.:  02-1-02.

28.     Nobody appeared on behalf of Defendants and judgment was entered in favor of Plaintiff.

29.     The aforestaid representations and actions of Defendants are false, violative, deceptive, and misleading within the meaning of the FDCPA as follows:

     (a)     The amount stated as Principle in the Complaint was not solely principle but included interest and late fees;

(b)     Defendants had no legal or contractual basis to request judgment in excess of $1,922.08;

(c)     Defendants mislead Plaintiff by telling her to refrain from going to court and allow a default judgment to be entered against her;

(d)     Defendants' statement that if Plaintiff could not pay $1,700.00 by July 16, 2010, Defendants would proceed with legal action in contradicted by the fact that Defendants already initiated legal action against Plaintiff; and

(e)     Contrary to Defendants' representations, Plaintiff was never sent a letter regarding the payment arrangement and default judgment.

## V. TRIAL BY JURY

30.     Plaintiff incorporates by reference paragraph 1 through 29 as though fully set forth herein.

31.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

## VI. COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et.seq.

32.     Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     Defendants' aforestated actions violated the FDCPA as follows:

(a)     Defendants violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. section 1692d.

(b)     Defendants violated the FDCPA by using false, deceptive or misleading representation or means in connection with debt collection in violation of 15 U.S.C. section 1692e.

(c)     Defendants violated the FDCPA by falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. section 1692e(2)(A).

(d) Defendants violated the FDCPA by failing to exercise reasonable care in determining whether Plaintiff, in fact, owed the debt and the amount of the debt, if she did owe same and/or by engaging in action that it did not intend to take in violation of 15 U.S.C. 1692e(5).

(e) Defendants violated the FDCPA by using false representation and/or deceptive means to attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. 1692e(10).

(f) Defendants violated the FDCPA by using unfair and unconscionable means to attempt to collect the Plaintiff's alleged debt in violation of 15 U.S.C. 1692(f).

(g) Defendants violated the FDCPA by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. 1692f(1).

34. Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications and action in the form of anger, anxiety and frustration.

35. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages, compensatory damages, costs and attorneys fees.

36. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages and attorney's fees and costs in accordance with 15 U.S.C. 1692k.

37. The foregoing acts and omission of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. 1692, et seq.

38. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000,00 pursuant to 15 U.S.C. 1692k(10(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from each and every Defendant herein.

## **CLAIMS FOR RELIEF**

39.     Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

39.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

40.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Apryl Rigsby, prays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

### VII. COUNT II

**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa. C.S § 2270.1, et. seq.**

41.     Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ("FCEU"). Defendant is a debt collector pursuant to 73 Pa.C.S. § 2270.3

43. The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa.C.S. § 2270.3.

44. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

45. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

46. Violation of the FDCPA is a per se violation of the FCEUA.

47. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Apryl Rigsby, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

### VIII.  COUNT III

**VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.**

48.     Plaintiffs incorporate by reference paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.     Plaintiff and Defendants are "Person(s)" pursuant to 73 Pa. C.S §201-2.

50.     The UTCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" wither at, prior to, or subsequent to a consumer transaction.

51.     The actions of Defendants, as aforesaid, constitute unfair or deceptive acts and practices under the UTCPL, by way of the following, inter alia:

    a.     Defendants misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding pursuant to 73 Pa. C.S §201-3.1.

    b.     Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding pursuant to 73 Pa. C.S §201-2(xxi).

    c.     Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

52.     As a direct and proximate result of Defendants' actions as aforestated, Plaintiff has suffered financial damages and harm.

53.     By virtue of the Defendants' violations of law as aforestated, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Apryl Rigsby, prays that judgment be entered against each and every Defendant for the following:

    (1)     An Order declaring that Defendants violated the UTCPL

    (2)     Actual damages;

    (3)     Treble damages;

(4)	Reasonable attorney's fees and costs;

(5)	Such other and further relief that the Court deems just and proper.

### IX.  COUNT IV

### WRONGFUL USE OF CIVIL PROCEEDINGS
### 41 Ps. C.S.A. § 8351

54.	Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.	At the time Defendants filed the state court complaint against Plaintiff, none of the Defendants had, in their possession, admissible evidence to establish that Plaintiff owed Defendant LVNV the amounts set forth in the state court complaint.

56.	At the time Defendants filed the state court complaint, neither Defendant LVNV nor Defendants Edwin A. Abrahamsen & Associates, P.C., Michael Ratchford and Mr. Young, reasonably believed that the facts in their possession established a valid cause of action against Plaintiff under either existing or developing law.

57.	The filing of the state court complaint by Defendants against Plaintiff was done in a grossly negligent manner, without probable cause, and for an improper purpose.

58.	The admissible facts and documentary substantiation for the claim brought by Defendant LVNV, by and through the Abrahamsen Defendants, which were in all of Defendants' possession at the time of the filing of the state court complaint, did not provide a reasonable basis that Defendant LVNV's had a valid claim against Plaintiff.

59.	The state court lawsuit was terminated in favor of Plaintiff.

60.	Defendants' conduct as detailed herein is malicious, wanton, willful or oppressive or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

61. As a result of the acts of Defendants, Plaintiff has suffered damages consisting of the attorney's fees incurred in defending himself in the litigation brought by Defendants and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Apryl Rigsby, prays that judgment be entered against each and every Defendant for an amount less than Fifty Thousand Dollars for the following:

(1)   Actual damages;

(2)   Statutory damages;

(3)   Punitive damages;

(4)   Reasonable attorney's fees and costs;

(5)   Such other and further relief that the Court deems just and proper.


Respectfully submitted;

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes P.C.
By: Michael P. Forbes Esquire
Atty. I.D. 55767
200 Eagle Road
Suite 220
Wayne, Pa 19087
Ph: (610) 293-9399
Fax: (610) 293-9388