## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

**APRYL RIGSBY,**

                    **Plaintiff,**                **Case No.:** 11-3851

**v.**                                       **ANSWER TO COMPLAINT**

**LVNV FUNDING, LLC**
**and**
**EDWIN A. ABRAHAMSEN**
**& ASSOCIATES, P.C.**
**and**
**MICHAEL RATCHFORD**
**and**
**MR. YOUNG**

                    **Defendants.**

---

Defendant LVNV FUNDING, LLC ("Defendant"), by its attorneys, Shawn A. Bozarth and Hynum Law, and responds to the Complaint of Plaintiff, APRYL RIGSBY ("Plaintiff"),   an individual, as follows:

1.      Defendant admits that Plaintiffs assert in Paragraph 1 of Plaintiffs' Complaint that they brings an action seeking redress under the Fair Debt Collection Practices Act ("FDCPA"), PA Fair Credit Extension Uniformity Act ("FCEUA") and Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  Otherwise denied as a conclusive statement to which no response is required.  The Statutes referred to speak for themselves.   Defendant also defers all questions of law to the Court.

2.      Defendant admits that jurisdiction would be proper pursuant to 15 U.S.C. §1692 et seq, 73 Pa.C.S. 2270.1 et seq and 72 Pa.C.S. 201-1 et seq, if Plaintiff had a claim, but Defendant denies that Plaintiff has any such claim herein.

3.      Defendant admits that venue may be proper, if Plaintiff had a claim, but Defendant denies that Plaintiff has any such claim herein.

4.      Defendant lacks sufficient knowledge of Plaintiff Rigsby's residency status to either admit or deny the allegations contained therein; accordingly, it is denied.  Defendant further lacks insufficient information and knowledge to admit or deny that Plaintiff Rigsby was a consumer in regard to the instant matter and therefore denies the same.

5.      Defendant admits that it is a Limited Liability Company with an address of 15 South Main Street, Suite 700, Greenville, South Carolina 29601.   Defendant admits that it has engaged in the business of collecting debts within the Commonwealth of Pennsylvania. Otherwise Denied as a conclusive statement to which no response is required.

6.      Defendant admits that it engages in the collection of debts from consumers using the telephone and mail.  Defendant states that while at times it may be a debt collector, it has insufficient information and knowledge to admit or deny that it was a debt collector in regard to the instant matter and therefore denies the same.

7.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

8.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

2

9.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

10.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

11.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

12.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

13.      Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

14.      Admitted, upon information and belief.

15.      Plaintiff's averments amount to a conclusive statement to which no response is required.  The document referred to speaks for itself.  Defendant is without sufficient information to admit or deny Plaintiff's averments regarding principal, interest and late fees; they are therefore denied.

16.     Plaintiff's averments amount to a conclusive statement to which no response is required.  The document referred to speaks for itself.  To the extent it should be determined that a response is required to Plaintiff's averments, they are denied.

17.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

18.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

19.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

20.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

21.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

22.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

23.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

24.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

25.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

26.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

27.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

28.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

29.     Plaintiff's averments in Paragraph 29 as well as subparagraphs a-e contained therein amount to conclusive statements to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

30.     Defendant incorporates by reference its responses to paragraphs 1-29 above as though fully set forth herein.

31.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

**COUNT 1**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32.     Defendant incorporates by reference its responses to paragraphs 1-31 above as though fully set forth herein.

33.     Plaintiff's averments in Paragraph 33 as well as subparagraphs a-g contained therein amount to conclusive statements to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

34.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

35.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

36.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

37.    Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

38.    Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

39.    Defendant incorporates by reference its responses to paragraphs 1-38 above as though fully set forth herein.

39.    Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.[1]

40.    Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

WHEREFORE, Defendant LVNV Funding LLC respectfully requests that this Honorable Court:

1)    DENY Plaintiff's request for actual damages

2)    DENY Plaintiff's request for statutory damages;

3)    DENY Plaintiff's request for attorney's fees and costs;

4)    DENY Plaintiff's request for Declaratory Judgment;

5)    Award Defendant such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT
## (FCEUA, 73 Pa.C.S. §2270.1 et seq.)

41.     Defendant incorporates by reference its responses to paragraphs 1-40 above as though fully set forth herein.

42.     Defendant states that it has insufficient information and knowledge to admit or deny whether Plaintiff's debt was a debt as defined by 73 Pa. C.S. 2270.3.  Defendant further asserts that this paragraph amounts to a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this averment, it is Denied.   The Statutes referred to speak for themselves.   Defendant also defers all questions of law to the Court.

43.     Defendant states that it has insufficient information and knowledge to admit or deny whether Plaintiff's debt was a debt as defined by 73 Pa. C.S. 2270.3.  Defendant further asserts that this paragraph amounts to a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this averment, it is Denied.   The Statutes referred to speak for themselves.   Defendant also defers all questions of law to the Court.

44.     The statute referred to speaks for itself.

---

[1] There are duplicative paragraphs numbered 39 in Plaintiff's Complaint.  Accordingly, Defendant has recited duplicative paragraph 39's in its Answer.

45.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

46.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, the Statutes referred to Speak for themselves.  Defendant also defers all questions of law to the Court.

47.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

WHEREFORE, Defendant LVNV Funding LLC respectfully requests that this Honorable Court:

1)     DENY Plaintiff's request for actual damages

2)     DENY Plaintiff's request for statutory damages;

3)     DENY Plaintiff's request for attorney's fees and costs;

4)     DENY Plaintiff's request for Declaratory Judgment;

5)     Award Defendant such other and further relief as the Court deems just and proper.


**COUNT III**
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW**
**("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq</u>.**

48.     Defendant incorporates by reference its responses to paragraphs 1-47 above as though fully set forth herein.

9

49.     Defendant asserts that this paragraph amounts to a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this averment, it is Denied.   The Statutes referred to speak for themselves.   Defendant also defers all questions of law to the Court.

50.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, the Statutes referred to Speak for themselves.  Defendant also defers all questions of law to the Court.

51.     Plaintiff's averments in Paragraph 51 as well as subparagraphs a-c contained therein amount to conclusive statements to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

52.     Defendant asserts that this paragraph amounts to a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this averment, it is Denied.   Defendant also defers all questions of law to the Court.

53.     Defendant asserts that this paragraph amounts to a conclusive statement to which no response is required.  To the extent it may be determined that a response may be required to this averment, it is Denied.   The Statutes referred to speak for themselves.   Defendant also defers all questions of law to the Court.

WHEREFORE, Defendant LVNV Funding LLC respectfully requests that this Honorable Court:

1)      DENY Plaintiff's request for actual damages

2)      DENY Plaintiff's request for statutory damages;

3)      DENY Plaintiff's request for attorney's fees and costs;

10

4) DENY Plaintiff's request for Declaratory Judgment;

5) Award Defendant such other and further relief as the Court deems just and proper.

**COUNT IV**
**WRONGUL USE OF CIVIL PROCEEDINGS**
**41 Pa. C.S.A. §8351**

54. Defendant incorporates by reference its responses to paragraphs 1-53 above as though fully set forth herein.

55. Plaintiff's averments amount to a conclusive statement to which no response is required. Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

56. Plaintiff's averments amount to a conclusive statement to which no response is required. Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

57. Plaintiff's averments amount to a conclusive statement to which no response is required. Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

58. Plaintiff's averments amount to a conclusive statement to which no response is required. Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

59.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

60.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

61.     Plaintiff's averments amount to a conclusive statement to which no response is required.  Further, Defendant is without sufficient information to admit or deny Plaintiff's averments; they are therefore denied.

WHEREFORE, Defendant LVNV Funding LLC respectfully requests that this Honorable Court:

1)      DENY Plaintiff's request for actual damages

2)      DENY Plaintiff's request for statutory damages;

3)      DENY Plaintiff's request for attorney's fees and costs;

4)      DENY Plaintiff's request for Declaratory Judgment;

5)      Award Defendant such other and further relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged

12

therein against Defendant is barred.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendant and its agents, if any, acted reasonably and in good faith at all times
material herein, based on all relevant facts and circumstances known by them at the time they so
acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith
belief in the exercise of those rights, and in the furtherance of legitimate business purpose.
Further, Defendant acted in good faith in the honest belief that the acts, conduct and
communications, if any, of Defendant were justified under the circumstances based on
information reasonably available to this answering Defendant. Accordingly, Plaintiff is barred
from any recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant contends that it did not engage in any conduct that was outrageous,
intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant
also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to
Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

5.     As a separate, affirmative defense, assuming arguendo that this Defendant
violated a statute alleged in the Complaint, which presupposition the Defendant denies, such
violation was not intentional and resulted from a bona fide error, notwithstanding the
maintenance of procedures reasonably adapted to avoid any such error.  Defendant's procedures
include periodic FDCPA compliance training of collectors, as well as monitoring of calls by

managers.  Defendant asserts such training constitutes reasonable procedures.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff suffered no damage from the alleged violations by Defendant and

therefore is not entitled to any award of damages, attorney fees or costs.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Any violation of the law or damage suffered by Plaintiff, which Defendant denies,

was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any

liability of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Any violation of the law or damage suffered by Plaintiff, which Defendant denies,

was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any

claim of damages against Defendant.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's Claims are barred, in whole or in part, by applicable Statutes of

Limitation.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendant contends that Plaintiffs have not alleged sufficient justifiable reliance

with respect to any alleged misrepresentation by Defendant to support a claim under the

UTPCPL.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Defendant contends that Plaintiffs lacks standing to assert claims under the

UTPCPL and FCEUA to the extent such claims are barred because they do not have any

economic harm suffered as a result of Defendant's alleged conduct.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in its favor against

Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits;

2. Awarding Defendant its legal fees incurred in this action; and,

3.  Awarding Defendant such other and further relief as the Court deems just and equitable.


Dated: July 12, 2011               _____*/s/ Shawn A. Bozarth, Esquire*_____
                          By:    Shawn A. Bozarth & Hynum Law
                                 Attorney I.D. # 41068
                                 Attorneys for Defendant
                                 LVNV Funding, LLC